IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUDY CASH, | Civil Action |
| Plaintiff, | No. 2:21-cv-1146 |
| v. | |
| R&N MANUFACTURING, | |
| Defendant. | JURY TRIAL DEMANDED |

### CIVIL COMPLAINT

Plaintiff Rudy Cash, by undersigned counsel, files this civil complaint.

### I. Jurisdiction

1. The Jurisdiction of this Court is invoked pursuant to Section 1 of the Civil Rights Act of 1866, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, U.S.C. §2000e-5(f)(3), as amended by the Civil Rights Act of 1991 and 28 U.S.C. §§1343(a)(3) and (a)(4) and 1331; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §626(c)(1); 28 U.S.C §§1331 and 1343(a)(3) and (a)(4).

2. Plaintiff has satisfied all procedural and administrative prerequisites to suit under Title VII and the Age Discrimination in Employment Act (ADEA), in that:

   a. He filed a timely Charge of Discrimination and Affidavit with the EEOC alleging race discrimination on May 25, 2021;

   b. The EEOC issued a Notice of Right to Sue on August 23, 2021; and

   c. This Complaint is filed within 90 days of receipt of that notice.

3. Defendant is an employer within the meaning of Title VII, 42 U.S.C. §2000e(b), in that it employs more than 15 individuals. Defendant is also an employer under the ADEA, 29 U.S.C.§630(b), in that it employs 20 or more employees.

## II. The Parties

4. Plaintiff Rudy Cash ("Cash") is an African American who resides at 633 Versailles Avenue, McKeesport, PA 15132.

5. Defendant R&N Manufacturing with a Pennsylvania corporation with a place of business at 3500 Neville Road, Pittsburgh, PA 15225. At all times relevant Defendant was Cash's employer.

## III. Factual Background

6. Plaintiff is a forty-two (42) year old African American man employed by Defendant since September 9, 2019.

7. As the Lead Supervisor of Shipping, he was responsible for training newly hired employees and aiding in various jobs throughout his department, including stacking steel, tagging boxes, and pulling clips.

8. Plaintiff has extensive experience in his industry and exceled at his job.

9. Plaintiff received a merit-based raise in August 2020 and was regarded as a model employee with a history of strong work performance.

10. The majority of Defendant's employees are Caucasian.

11. All of the African American employees work in the warehouse.

12. In early 2021, Plaintiff was instructed to train the accountant's son, Caiden, on all areas of his job.

13. Caiden is an 18-year-old white man with no prior experience.

14. Shortly after, Plaintiff was told that Corry Edwards, a 30-year-old white male would replace him as supervisor of the department.

15. Plaintiff had trained Corry Edwards as well, who also had no prior experience in the

industry.

16. On May 4, 2021, Plaintiff was terminated.

17. Plaintiff's supervisor, Kevin Johnson, informed him that they were wrong to terminate him and that they did not have a reason to do so.

## Count I
## 42 U.S.C. §1981

18. Plaintiff incorporates by reference the allegations in paragraphs 1 through 17 as if fully restated here.

19. Defendant terminated Plaintiff while retaining white employees, and therefore deprived him of the same right to make and enforce contracts as is enjoyed by white citizens, in violation of the Civil Rights Act of 1866, 42. U.S.C. §1981.

20. Defendant's actions against Plaintiff were untaken with reckless indifference to his federally protected right to make and enforce contracts irrespective of his race.

21. As a direct and proximate result of Defendant's discriminatory treatment Plaintiff suffered the following injuries:

    a. Emotional distress;

    b. Loss of income and benefits; and

    c. Humiliation and inconvenience.

WHEREFORE, Plaintiff demands judgment against Defendant pursuant to 42 U.S.C. §1981 as follows:

    a. That Defendant be permanently enjoined from discriminating against Plaintiff or retaliating against him because of his race;

    b. That Defendant be required to compensate Plaintiff for the full value of wages and benefits he would have received had it not been for Defendant's illegal treatment, with interest thereon;

    c.    That Plaintiff be awarded compensatory and punitive damages in an amount to be determined at trial;

    d.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation, and a reasonable attorney's fee; and

    e.    That Plaintiff be awarded such further relief as this Court deems to be just and proper.

## Count II
## Title VII, Race Discrimination

22.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 21 as if fully restated herein.

23.    Defendant terminated Cash and otherwise discriminated against him because of his race in violation of Title VII, of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981A.

24.    Defendant's actions in terminating Cash because of his race was undertaken intentionally and with reckless indifference to Plaintiff's federally protected right to be free from discrimination in employment decisions because of his race.

25.    As a result of Defendant's race discrimination against Plaintiff, Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages and benefits, anxiety, loss of reputation, lost career opportunities, emotional distress, humiliation, and inconvenience.

WHEREFORE, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981A against Defendant as follows:

    a.    That Defendant be permanently enjoined from discriminating against Plaintiff on any basis forbidden by Title VII;

    b.    That Defendant be ordered to reinstate Cash together with all benefits incident thereto, including, but not limited to wages, benefits, training, and

    seniority;

  c. That Defendant be required to compensate Plaintiff for the full value of wages and benefits Plaintiff would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest thereon until the date Plaintiff is promoted;

  d. That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

  e. That Plaintiff be awarded punitive damages;

  f. That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney fee; and

  g. That Plaintiff be awarded such further relief as this Court deems to be just and proper.

## Count III
## ADEA

26. Plaintiff incorporates by reference the allegations in paragraphs 1 through 25 as if fully restated herein.

27. Defendant fired Cash because of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

28. But for Cash's age, Defendant would not have fired him.

29. Defendant's violation of the ADEA was willful.

 WHEREFORE, Plaintiff demands judgment as follows:

  a. That Defendant be ordered to reinstate Plaintiff into the position he occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training, and seniority;

  b. That Defendant be required to compensate Plaintiff for the full value of wages, he would have received had it not been for Defendant's illegal

   treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied on May 4, 2021;

c. That Defendant be required to provide Plaintiff with front pay in the event reinstatement is not feasible;

d. That Defendant be required to compensate Plaintiff for lost benefits;

e. That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §§626(b) and 216(b);

f. That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the ADEA;

g. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

h. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

**Edgar Snyder & Associates**

<u>/s/ John E. Black, III</u>
John E. Black, III
Pa. I.D. #83727

US Steel Tower
600 Grant Street, Floor 10
Pittsburgh, PA 15219
(412) 394-4446

Attorney for Plaintiff